# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MAURICIO ZAVALETA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| | ) |
| AEROVIAS DEL CONTINENTE | ) |
| AMERICANO S.A. AVIANCA dba TACA | ) |
| AIRLINES, | ) JURY DEMANDED |
| | ) |
| Defendant. | |

## COMPLAINT

Plaintiff, MAURICIO ZAVALETA, by and through his Attorneys, Wilshire Law Firm, PLC, complaining of Defendant, AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA dba TACA AIRLINES, states as follows:

## PARTIES

1. Plaintiff, Mauricio Zavaleta ("Plaintiff" or "ZAVALETA"), is a citizen of the United States and a resident of California.

2. At all times relevant hereto, Defendant, AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA dba TACA AIRLINES ("Defendant" or "TACA"), was an airline common carrier for hire operating international flights to and from the Los Angeles International Airport ("LAX").

3. At all times relevant hereto, TACA was a corporation incorporated in the country of Colombia and has its principal place of business in Bogota, Colombia, and is registered with the California Secretary of State as a foreign corporation doing business in the State.

4. On or about November 2, 2021, TACA operated said business and offered flights, including international flights, out of airports throughout the United States, including LAX in Los

Angeles, California, and out of airports internationally, including El Salvador International Airport in San Salvador.

5.  On or about November 2, 2021, Plaintiff was the bearer of a TACA issued ticket from San Salvador to LAX.

6.  At all times relevant hereto, the contract of carriage which Plaintiff was flying listed his origin and ultimate destination as Los Angeles, California.

7.  Prior to November 2, 2021, Plaintiff purchased the ticket from San Salvador to LAX from TACA's website.

8.  A copy of ZAVALETA's electronic ticket receipt is pictured below:



9. At all times relevant herein, TACA provided services to destinations and terminals located in the United States and overseas, and had offices, locations, or terminals within the United States and overseas at numerous locations, including LAX and San Salvador International Airport.

10. At all times relevant hereto, TACA operated services for the carriage of passengers by air, either on its' own aircraft or on another carrier's aircraft pursuant to a commercial agreement to and from locations around the world, through joint venture agreements or codeshare agreements.

## JURISDICTION AND VENUE

11. At all times alleged herein, The United States was a party to the international treaty for the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, on May 28, 1999 ("Montreal Convention"), having acceded on September 5, 2003, and taking effect on November 4, 2003.

12. At all times alleged herein, El Salvador was a party to the Montreal Convention, taking effect on January 6, 2008.

13. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The claim of Plaintiff arises under an international treaty, the Montreal Convention, or one of its predecessor conventions.

14. The Montreal Convention confers jurisdiction to the United States Courts for international aviation incidents like the instant matter.  *See* Art. 33(1).

15. Article 33 of the Montreal Convention governs jurisdiction. Section 1 provides the following:

> An action for damages *must* be brought, at the *option of the plaintiff*, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been

made *or before the court at the place of destination*. [emphasis added]. Article 33 (1).

16.    Therefore, this court has jurisdiction because it is the court at the place of destination of the flight, that is, Los Angeles, California.

17.    At all times alleged herein, Defendant, TACA, intentionally and purposely operated services of passengers by air in the United States, including in the State of California and in this Judicial District as well as other cities in the United States and throughout the world, either by itself or through commercial agreements with other carriers.

18.    At all times relevant hereto, TACA conducted its business of carriage of passengers by air from premises leased or owned by TACA itself or by another carrier with which it has a commercial agreement, in the United States including in the State of California and in this Judicial District as well as other cities in the United States.

## GENERAL ALLEGATIONS

19.    On November 2, 2021, while ZAVALETA was a fare-paying passenger engaged in his international transportation, TACA operated Flight No. AV520 from San Salvador to LAX. Said flight was part of the international contract of carriage on which Plaintiff was traveling on.

20.    On November 2, 2021, while a fare-paying passenger on board TACA Flight No. AV520 from San Salvador to LAX, Plaintiff sustained injuries to his person when the flight encountered severe turbulence, causing serious and permanent physical injuries and causing severe and lasting mental and emotional injuries.

21.    As a direct and proximate result of the conduct of Defendant, TACA, Plaintiff sustained serious and permanent physical and mental injuries in addition to continuing pain and suffering.

22. As a direct and proximate result of the conduct of Defendant, TACA, Plaintiff sustained economic losses, including but not limited to past and future loss of earnings and earning capacity.

## COUNT I

## MONTREAL CONVENTION

23. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

24. On information and belief, at the time of his injury, Plaintiff was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17 and 33 and all other relevant provisions of the Montreal Convention.

25. At all times relevant hereto, TACA was the carrier who was providing international carriage by air to Plaintiff under the terms of the Montreal Convention.

26. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damages sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

27. The turbulence encountered during the flight caused bodily injury to Plaintiff within the meaning of Article 17(1) of the Montreal Convention. As a direct and proximate result of the aforesaid accident, Plaintiff sustained injuries alleged herein.

28. TACA is strictly liable for the injuries the Plaintiff sustained in the course of international carriage by air under the terms of the Montreal Convention.

29. TACA may not limit its liability for the first 128,821 Special Drawing Rights for Plaintiff. *See* Art. 21(1) of the Montreal Convention. At the time of the drafting of this Complaint, Special Drawing Rights of 128,821 are equivalent to $178,183.92.

30. For liability in amounts exceeding 128,821 Special Drawing Rights, TACA has the burden to prove the injuries of Plaintiff were not caused by its negligence or other wrongful act or omission. *See* Art. 21(2) of the Montreal Convention. Plaintiff contends that it's damages were caused by TACA's negligence and exceed the Special Drawing Rights available regardless of TACA's negligence under the Montreal Convention.

**WHEREFORE,** Plaintiff demands judgment against Defendant, TACA, as follows:

**A.** All available damages for injuries and losses sustained by Plaintiff;

**B.** Compensatory damages available for injuries and losses sustained by Plaintiff;

**C.** Any and all economic and non-economic and compensatory damages available under the Montreal Convention;

**D.** Costs and disbursements;

**E.** That all issues of fact in this matter be determined by a jury; and

**F.** Any such other relief as the Court deems proper.

Dated:  8/4/2022                                                                     Respectfully submitted,

                                                                                                     A. Ilyas Akbari, Esq., Attorney for Plaintiff

A. Ilyas Akbari, Esq.
WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
E-Mail: ilyas@wilshirelawfirm.com
CA 228051
NDIL [228051]